**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0001100
28-FEB-2013
09:23 AM**

NO. CAAP-11-0001100

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


DENNIS K. KANAHELE, AMY K. KANAHELE, JOSEPH M. MAUKELE,
KAUIONALANI P.A. MAUKELE, GLEN H. KALIMA, ALYCIA K.LUMKING,
MARGARET K.K. PULI, ANDRE KALIMA, SHAWN KALIMA, HAUNANI SWEENEY,
WILLARD KALIMA, CONSUELA C. BERMUDEZ, HYNES K. KALILIKANE,
LORETTA C. ANGEL, MARGO S.A.K. MORTENSEN, JESSE R.A. KALIMA, JR.,
MARSHA L.A.K. KAPU, DANA A. KALIMA, ANDREA M.A.K. LOPEZ,
MELODY L.A.K. CUARESMA, DAVID LE GROS, CHARLES "CHUCKY" LE GROS,
DARLENE LE GROSS, DIANE CORPUZ, DELPHINE LE GROS, CATHY MACHADO,
MIRIAM G.G. KAIO, HARRISON K. KAIO, JR., WESLEY B.K. KAIO,
EDWARD M. KAIO, DIANA L.P. KAIO, LUCY M. KAIO,
JULIE M.N. HEARTSOCK, LOUIS K. KAIO, JULIANA K. SKLAR,
RAMONA P. ROSA, MARY N. KAIO, SUSIE M. KAIO, WARNER HASHIMOTO,
IRMA L.H. KIDDER, also known as Erma L. Kidder,
LEOCADIA F. HASHIMOTO, TAMAR C. CORDEIRO, HASTING HASHIMOTO,
BARBARA J. PERREIRA, ELENA K. KAMAKA, VANDA MONIZ,
GAIL NISHIMURA, DAVID HASHIMOTO, ELLEN H. LUM, and
LELAND PALI, JR.,
Plaintiffs-Counterclaim Defendants/Appellants,
v.
BILL M. BRODBECK, SUZANNE BRODBECK,
Defendants/Appellees,
and
MYRA MITCHELL TRUST,
Defendant-Intervenor Counterclaimant/Appellee,
and
PALAU(k), UNKNOWN HEIRS OF KAMAKA PAKIKO, HENRY A. LESLIE, JR.,
FRED K. LESLIE, THELMA COITO also known as Thelma Leslie Coito,
THELMA LEIMOMI COITO, DIXON ENOS, Trustee under the
unrecorded revocable living trust of Thelma Coito,
EARL LESLIE KAMAKAHANOHANO GASPAR, LAURA BURNETTE,
HAWAII ELECTRIC LIGHT COMPANY, INC., a Hawai'i corporation,
VERIZON, INC., formerly known as GTE Hawaiian Telephone
Company Inc., a Hawai'i corporation,
Defendants,

KEALAKEKUA RIDGE, LLC,
Defendant-Intervenor

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 04-1-150K)

MEMORANDUM OPINION
(By: Foley, Presiding J., Reifurth and Ginoza, JJ.)

Plaintiffs-Counterclaim Defendants/Appellants Dennis K. Kanahele, et al. (Plaintiffs) appeal from the November 30, 2011 Judgment entered in the Circuit Court of the Third Circuit[1] (circuit court). Judgment granted summary judgment in favor of Defendants/Appellees Bill and Suzanne Brodbeck (Brodbecks) and Defendant-Intervenor Counterclaimant/Appellee Myra Mitchell Trust (collectively, Defendants) as to Plaintiffs' complaint to quiet title and as to Myra Mitchell Trust's counterclaim to quiet title to an easement.

## I. BACKGROUND

This appeal arises out of Plaintiffs' November 16, 2004 complaint to quiet title to a six-acre parcel of land in Hawai'i County (Parcel 4). In their complaint, Plaintiffs asserted they were the descendants of Kamaka Pakiko, who had received sole title and interest to Parcel 4 through a deed dated December 23, 1905 and recorded in the Bureau of Conveyances on October 7, 1935. Plaintiffs filed a motion for partial summary judgment against several defendants (not including the Brodbecks and the Myra Mitchell Trust), seeking an order that those defendants have no interest in Parcel 4. The circuit court granted Plaintiffs' motion on September 29, 2009, quieting title in favor of Plaintiffs.

The remaining issue before us concerns an easement agreement between the Brodbecks and one of the Plaintiffs, Leland Pali, Jr. (Pali). Pali owns a one-fifth interest in Parcel 4 and was the only Plaintiff in possession of Parcel 4 when Plaintiffs filed their complaint. In the complaint, Plaintiffs stated the

---

[1] The Honorable Ronald Ibarra presided.

2

agreement is valid as to Pali's one-fifth interest because Pali entered into the agreement. However, Plaintiffs alleged the easement agreement is invalid as to the Plaintiffs who did not agree to it and claimed the easement is adverse to their interests. Plaintiffs requested the following relief regarding the easement:

> E. That this court determine that title to [Parcel 4] is held by the Plaintiffs, free and clear of all claims, liens, encumbrances, and clouds of any kind on said title, pursuant to Hawaii Revised [Statutes (HRS)], Chapter 669 [(1993)], save and except for the easement conveyed by Plaintiff LELAND PALI, JR. to Defendants BILL M. BRODBECK and SUZANNE BRODBECK that only affects Plaintiff LELAND PALI, JR.'s one-fifth interest in [Parcel 4].
>
> . . . .
>
> G. That the court eject all parties that it finds not to have a valid title or claim to [Parcel 4] from [Parcel 4], including but not limited to entering an order of ejectment as to Defendants BILL M. BRODBECK and SUZANNE BRODBECK and ordering them to remove any and all improvements that they have constructed on [Parcel 4].

The Brodbecks own Parcel 5, which adjoins Parcel 4. Parcels 4, 5, and 6 (which is owned by the Myra Mitchell Trust and adjoins Parcel 5) all adjoin the Mamalahoa Highway. In 1994, the Brodbecks entered into an agreement with Pali which purported to grant the Brodbecks a fifty-foot easement for a roadway from the Mamalahoa Highway and over Parcels 4 and 5. The agreement provided that the easement would be for the use of the owners of Parcels 4 and 5. The agreement stated Pali "claims to be and has good reasons to believe that he is the owner of [Parcel 4]" but further noted:

> 1. Easement in Favor of Parcel 5. . . . PALI does not warrant or guaranty that he is the exclusive owner of the subject property or other person with authority to bind all owners and makes this grant, conveyance or transfer on a quitclaim basis only, which BRODBECK understands and accepts.
>
> * * *
>
> 8. Acknowledgment of Other Possible Claimants. BRODBECK acknowledges that there are or may be persons other than PALI who claim or may have an interest in Parcel 4. PALI's agreements herein may not bind such others, and BRODBECK acknowledges and agrees that he shall take no action against and releases all claims against PALI and his

3

successors based upon or arising from any claims or interests of such others.

In accordance with the agreement, the Brodbecks constructed a roadway. The easement agreement gave the Brodbecks the power to grant use of the easement area to others, and the Brodbecks gave the Myra Mitchell Trust the right to use the roadway.

After the circuit court entered partial summary judgment quieting title to Parcel 4 in Plaintiffs' favor, Defendants filed a motion for summary judgment, claiming an easement by necessity and an express easement pursuant to the easement agreement. Plaintiffs' opposition to the motion included a declaration from Plaintiff Dennis Kanahele stating that a locked gate had been placed over the easement area, blocking Plaintiffs' access to the roadway and to the remainder of Parcel 4 beyond the gate. Kanahele stated he had requested but never received the access code for the gate.

The circuit court held a hearing on Defendants' motion for summary judgment on July 27, 2010. On October 29, 2010, the circuit court entered its order granting Defendants' motion for summary judgment, concluding "a necessity for an easement exists for access to and from the [Defendants'] parcels and Mamalahoa Highway, the location of the easement is reasonable, and the agreement signed by Plaintiff Leland Pali, Jr. is valid and binding against the co-tenants of the subject property."

On August 31, 2011, Defendants filed a "Motion to Certify Order Granting Summary Judgment as a Final Judgment Under Rule 54(b), [Hawai'i Rules of Civil Procedure (HRCP)]." The circuit court granted the Defendants' motion to certify and entered the HRCP Rule 54(b)-certified Judgment on November 30, 2011. Plaintiffs filed a notice of appeal on December 29, 2011.

On appeal, Plaintiffs contend the circuit court erred in granting Defendants' motion for summary judgment because (1) an issue of material fact exists as to whether the requisites for an easement by necessity were shown, and (2) the easement

agreement signed by Pali was not valid and binding upon the remaining Plaintiffs.

## II. STANDARD OF REVIEW

> On appeal, the grant or denial of summary judgment is reviewed *de novo*. *See State ex rel. Anzai v. City and County of Honolulu*, 99 Hawai'i 508, [515], 57 P.3d 433, [440] (2002); *Bitney v. Honolulu Police Dep't*, 96 Hawai'i 243, 250, 30 P.3d 257, 264 (2001).
>
> > [S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.
>
> *Kahale v. City and County of Honolulu*, 104 Hawai'i 341, 344, 90 P.3d 233, 236 (2004) (citation omitted).

Nuuanu Valley Ass'n v. City & Cnty. of Honolulu, 119 Hawai'i 90, 96, 194 P.3d 531, 537 (2008).

## III. DISCUSSION

A.  Jurisdiction

Defendants contend this court lacks jurisdiction because Plaintiffs' notice of appeal was untimely. The Judgment states "this judgment will take effect as of November 21, 2011," but the circuit court did not enter the Judgment until November 30, 2011. Defendants argue Plaintiffs should have filed their notice of appeal within thirty days of the Judgment's effective date of November 21, 2011.

We disagree. Hawai'i Rules of Appellate Procedure 4(a)(1) states "the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order." (Emphasis added.). Thus, although the Judgment states its effective date is November 21, 2011, the Judgment did not trigger the thirty-day time period for filing a notice of appeal until its entry on November 30, 2011. Plaintiffs filed their notice of appeal on

December 29, 2011, within thirty days after the November 30, 2011 entry of the Judgment. Therefore, Plaintiffs' appeal is timely, and this court has jurisdiction.

B.          Easement By Necessity

In their motion for summary judgment, Defendants claimed a right-of-way easement by necessity arose from the government's realignment of the Mamalahoa Highway. In the 1930s, the Territory of Hawai'i obtained permission from the previous owners of Parcels 4, 5, and 6 to realign the adjoining Mamalahoa Highway. Defendants claim the realignment eliminated their parcels' access to the realigned highway but left Parcel 4's access intact. Defendants contend the facts and circumstances establish their need for an easement, as well as the intent of the owner of Parcel 4 to grant a right-of-way to the "landlocked" parcels following the realignment project's completion.

At common law,[2] an easement can be implied on the basis of necessity. See, e.g., Kalaukoa v. Keawe, 9 Haw. 191, 2 (1893) ("A way of necessity is merely a way created by an implied grant or reservation[.]"). It is well established, however, that "[a]ll implications of easements necessarily involve an original unity of ownership of the parcels which later become the dominant and servient parcels." Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., Ltd., 100 Hawai'i 97, 105, 58 P.3d 608, 616 (2002) (quoting Neary v. Martin, 57 Haw. 577, 561 P.2d 1281 (1977)); see also 28A C.J.S. Easements § 112 ("Ways of necessity cannot exist where there was never any unity of ownership of the alleged dominant and servient estates."). In Kalaukoa v. Keawe, the Supreme Court of the Republic of Hawai'i concluded the defendant established entitlement to an implied easement by necessity by showing, inter alia, that plaintiff's and the defendant's lands formerly belonged to the same person. Kalaukoa, 9 Haw. at 1.

---

    [2]      Hawai'i also recognizes easements by necessity under HRS § 7-1 (2009 Repl.). However, Defendants did not raise or argue entitlement to an easement by necessity under HRS § 7-1.

In this case, Defendants concede there was no common ownership of Parcels 4, 5, and 6. Defendants failed to establish an implied easement by necessity, and the circuit court erroneously concluded "a necessity for an easement exists for access to and from the [Defendants'] parcels and Mamalahoa Highway[.]"

C.        Easement Agreement Signed By Pali

The agreement between Pali and the Brodbecks, which purported to grant an express easement for a roadway over Parcel 4, was signed by Pali but notes the possibility that other persons besides Pali may have an interest in Parcel 4. Although Plaintiffs concede the agreement may be valid as to Pali's one-fifth interest, Plaintiffs claim the circuit court erred in denying their ejectment action and in concluding the agreement is "valid and binding against the co-tenants of the subject property."

Our courts have held that one co-tenant may "convey a specific part of the common property by a deed perfectly valid between the grantor and grantee and voidable by the nonassenting tenants in common to the extent only that the conveyance may impair or vary their rights." Foster v. Waiahole Water Co., 25 Haw. 726, 736 (1921); see also Marks v. Ah Nee, 48 Haw. 92, 98, 395 P.2d 620, 623 (1964). In Foster, 25 Haw. at 736, the Hawai'i Supreme Court held that this rule applies equally to the grant of an easement by one co-tenant. The supreme court stated: "[I]t is immaterial whether the deed conveys the fee or an easement only. In either case there must be no material injury to the rights and interests of the other cotenants."

We vacate and remand for further proceedings because the record indicates Defendants interfered with Plaintiffs' use of and access to a portion of Parcel 4 by placing a locked gate over the roadway area. The easement agreement states: "Parcel 4 and/or any portion thereof may utilize the easement," and at the summary judgment hearing, Defendants' attorney stated Defendants were willing to give Plaintiffs the gate's access code and to

record a document confirming Plaintiffs' access. However, one of the Plaintiffs submitted a declaration stating he has asked for and has not received the access code, which is sufficient to raise a genuine issue of material fact as to whether the easement conveyance impaired or varied the rights of the nonassenting Plaintiffs.

## IV. CONCLUSION

The November 30, 2011 Judgment entered in the Circuit Court of the Third Circuit is vacated, and this case is remanded for further proceedings.

DATED: Honolulu, Hawaiʻi, February 28, 2013.

On the briefs:

Keith M. Kiuchi
for Plaintiffs-Counterclaim
Defendants/Appellants.

Michael J. Matsukawa
for Defendants/Appellees and
Defendant-Intervenor
Counterclaimant/Appellee.

Presiding Judge

Associate Judge

Associate Judge